UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNEFER M. GRAHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>MASSACHUSETTS DEPARTMENT OF<br>CHILDREN AND FAMILIES, et al.,<br><br>    Defendants. | Civil Action No. 25-30193-MGM |

MEMORANDUM AND ORDER

December 19, 2025

MASTROIANNI, U.S.D.J.

**I. INTRODUCTION**

Jennefer Graham, who is representing herself, brings this action asserting constitutional and tort claims against the Massachusetts Department of Children and Families ("DCF"), various DCF employees, employees of the Juvenile Court Department of the Trial Court of Massachusetts, four attorneys, and four individual caregivers (together "Defendants"). (Dkt. No. 1). Graham has also filed a motion for leave to proceed *in forma pauperis*, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and a Motion to Expedite Review. (Dkt. Nos. 2, 4, 10). For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis* and the Motion to Expedite Review. Plaintiff has until **January 30, 2026** to file an amended complaint that complies with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, or this action will be dismissed.

## II. M{\sc otion} {\sc for} L{\sc eave} {\sc to} P{\sc roceed} *{\sc in} F{\sc orma} P{\sc auperis}*

Upon review of Hunter's motion for leave to proceed *in forma pauperis*, the court GRANTS the same.

## II. R{\sc eview} {\sc of} {\sc the} C{\sc omplaint}

Because Graham is proceeding *in forma pauperis*, the court conducts a preliminary screening of her complaint pursuant to 28 U.S.C. § 1915(e)(2). This statute requires the court to review the pleadings of a litigant proceeding *in forma pauperis* and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a party that is immune to such relief. In conducting this review, the court liberally construes Graham's complaint because she is proceeding *pro se. See Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

### A.     Graham's Statement of Her Claims

In its entirety, the Factual Background section of Graham's Complaint alleges the following:

1) Initial removal of my son under false pretenses and without lawful grounds.
2) Placement with Olena Baykur, leading to instability, coercion, and later divorce within the foster home.
3) Repeated obstruction of my visitation rights and deliberate interference by DCF workers.
4) False filings, misrepresentation, and abuse of legal process.
5) Attorney misconduct, failure to file motions, and intentional suppression of evidence,
6) Instability and abandonment by the Boston placement due to DCF presenting a "temporary" placement as "permanent."
7) Clear parental alienation, emotional harm to both myself and my child, and violations of due process throughout the Hadley Juvenile Court proceedings.

(Dkt. No. 1 at 3). Graham lists nine causes of action: violations of parental rights (Count I), denial of due process (Count II); fraud and misrepresentation (Count III), retaliation and coercion (Count IV), emotional distress (Count V), parental alienation (Count VI), psychological harm to a minor child (Count VII), interference with mail and filings (Count VIII), and negligence and misconduct by state

actors (Count IX). The Complaint does not indicate which claims are asserted against each of the named defendants or groups of defendants. Plaintiff seeks $60,000,000 in monetary damages and injunctive relief, specifically the return of her minor child to her custody, production of documents from the Hadley Juvenile Court and DCF, and an investigation into the conduct of individual defendants.

    **B.**    **Discussion**

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations must be sufficient to afford the defendants a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). Plaintiff's limited allegations do not comply with Rule 8(a) because they describe events in conclusory terms instead of identifying the specific events and actions taken by each defendant that give rise to Plaintiff's claims. Without such factual allegations, the Complaint fails to give fair notice of the basis of Plaintiff's claims against each defendant.

Rather than dismiss the action, the court will provide leave for Plaintiff to file an amended complaint. Accordingly, if Plaintiff wishes to proceed, she must file, an amended complaint in this action —a new stand-alone document—setting forth specific facts that plausibly support claims upon which relief may be granted. In preparing the amended complaint, Plaintiff should clearly describe the factual basis for each of her legal claims, including the specific actions taken by each defendant against whom the claim is asserted. In other words, Plaintiff should set forth specific facts

as to who did what to whom, when, where, and why. She should not assert claims collectively against the defendants, but rather should parcel out the claims against each defendant and identify whether the claim is asserted against individual defendants in their official or personal capacity. Plaintiff should also separately identify the grounds for each cause of action. With respect to exhibits, Plaintiff may attach exhibits to her amended complaint, but she is not required to do so. Plaintiff's factual allegations must stand on their own because information contained in attached exhibits does not satisfy the requirements of Rule 8(a). Upon filing of an amended complaint, the action will be further screened.

The court will not take further action in this case until screening is complete, including the issuance of summons. Although the Clerk has not issued summons in this case, Plaintiff appears to have taken premature steps to serve Defendants. Within seven days of the date of this order, Plaintiff is, therefore, ordered to send a copy of this order to each defendant she has previously attempted to serve, using the same method of delivery she previously used.

.

### III. CONCLUSION

For the foregoing reasons, the court hereby orders:

1. The motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED.

2. The motion to expedite Review (Dkt. No. 10) is GRANTED.

3. Plaintiff is to send a copy of this order to each defendant she has previously attempted to serve, within seven days of the date of this order, using the same means of delivery.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI

United States District Judge